IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| D. HOUSE, LLC, a Utah limited liability company,<br><br>　　　　Plaintiff,<br><br><br>　　　　vs.<br><br><br>CITY OF COTTONWOOD HEIGHTS, LOHRA MILLER, and JOHN DOES I - V,<br><br>　　　　Defendants. | ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE<br><br><br><br><br>Case No. 2:06-CV-00305 PGC |

　　　　In this removal action, plaintiff D. House, LLC (Doll House), an escort service, maintains that defendants Cottonwood Heights and Lohra Miller violated the First, Fourth, and Fourteenth Amendments by seizing its customer lists during an ongoing criminal investigation.  This matter is before the court on Doll House's motion to dismiss this action without prejudice under *Younger v. Harris*.[1]  Cottonwood Heights agrees that this court could dismiss under *Younger*. Cottonwood Heights contends, however, that Doll House does not have standing and therefore the court should dismiss this action with prejudice.

---

[1] 401 U.S. 37 (1971).

The court concludes that at the very least, Doll House has case or controversy standing to challenge the seizure of its business records.  The court, however, does not reach the issue of whether the Doll House can show a violation of the Fourth Amendment.  Doll House's customer privacy and association claims do not appear ripe.  Even if the claims were ripe, the court agrees with both parties that abstention is appropriate.  The court therefore dismisses this action without prejudice.

## BACKGROUND

Doll House is a limited liability company licensed to operate in Park City, Utah.  Ms. Curtis, one of the Doll House's members, lives in Cottonwood Heights.  On April 5, 2006, pursuant to a search warrant, Salt Lake County deputies searched Ms. Curtis's home and seized, among other things, documents listing Doll House customers and their personal information.

On April 6, 2006, Doll House filed this action in Utah state court.  On April 11, 2006, Cottonwood Heights removed the action to this court pursuant to 28 U.S.C. § 1441(b).  Doll House then filed a motion for preliminary injunction, which Cottonwood Heights opposed.  On May 4, 2006, Cottonwood Heights moved for summary judgment, contending, among other things, that this court lacked subject matter jurisdiction because Dollhouse did not have standing.  Doll House opposed the motion for summary judgment.

On July 7, 2006, the court ordered the parties to brief whether *Younger* required the court to abstain.  Between July and August 2006, both parties submitted briefs on abstention.  Cottonwood Heights initially opposed abstention because no criminal charges had been filed.

On October 4, 2006, the State of Utah filed a criminal information against Ms. Curtis and Steven Santiago Maese.  The information alleges that Ms. Curtis and Mr. Maese are Doll House's owners and charges them with exploitation of prostitution, money laundering, and engaging in a pattern of unlawful activity in violation of Utah law.  The information is based records seized under the search warrant and other evidence.  Two days later, Ms. Curtis filed a Petition for Extraordinary Relief in Utah state court, alleging that the search warrant violated the Fourth and Fourteenth Amendments and seeking return of business property unlawfully seized from her home.  On October 7, 2006, Doll House filed its motion to dismiss this action with prejudice.  Cottonwood Heights then filed its opposition to a dismissal without prejudice.

## DISCUSSION

Doll House contends that because the State of Utah has filed criminal charges against Ms. Curtis and Mr. Maese, this court should abstain from exercising jurisdiction under *Younger* and dismiss this matter without prejudice.  Cottonwood Heights agrees that the court could dismiss under *Younger*.  However, Cottonwood Heights argues that judicial economy is best served by dismissing with prejudice, contending that Doll House lacks standing.

At the very least, the court concludes that Doll House has case and controversy standing with respect to its claim that the seizure of its customer lists violates the Fourth Amendment.[2]  The court therefore declines to dismiss this action with prejudice.

---

[2]*See Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ("[I]n determining whether a defendant is able to show the violation of his (and not someone else's) Fourth Amendment rights, the definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing." (quotations and citation omitted)).

This court, however, has serious concerns as to whether Doll House's privacy and association claims are ripe. For example, Doll House contends that its customers are fearful that their names will be exposed to the public. However, Doll House does not dispute Cottonwood Heights' assertions that the records are protected from disclosure under Utah's Government Record Access and Management Act (GRAMA) and that a state district court may enjoin the disclosure of the records under GRAMA. The court could therefore dismiss the claims without prejudice because they are not ripe.

In any event, both parties now concede that this court can and should abstain under *Younger*. In the Tenth Circuit, *Younger* commands abstention where: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges;"[3] and (4) no extraordinary circumstances exist.[4]

Applying these criteria here, the court is satisfied that abstention is appropriate. First, state criminal (and civil) proceedings are pending. Second, the pending state criminal proceeding implicates important state interests.[5] Were this court to order the return of the customer lists to Doll House, the court would interfere with the operation of the state criminal process. Third, Ms.

---

[3] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm'n. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

[4] *See Younger*, 401 U.S. at 44.

[5] *See Metcalf Gifts, L.L.C., v. Overland Park*, 1994 WL 608604, at *4 (D. Kan. Oct. 6, 1994) (recognizing state interest in regulating adult oriented businesses) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)); *see also Perez v. Ladesma*, 401 U.S. 82, 84 (1971) ("It is difficult to imagine a more disruptive interference with the operation of the state court criminal process short of an injunction against all state proceedings.").

Curtis, one of Doll House's members, has raised the validity of the seizure of Doll House's business records in the state civil proceeding. Doll House does not contend that it does not have the opportunity to present its claims in the state proceedings. Finally, neither party identifies any extraordinary circumstances that warrant the court from refraining from abstaining. Rather, both concede that this court can abstain.

## CONCLUSION

Accordingly, the court ORDERS that Doll House's motion to dismiss (#38) is HEREBY GRANTED. This matter is DISMISSED WITHOUT PREJUDICE. The clerk of court is directed to close this case.

SO ORDERED.

DATED this 6th day of November, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge